ORIGINAL

# In the United States Court of Federal Claims

No. 18-1088C

(Filed: September 28, 2018)

```
************************************
                                   *
JAMES A. BLOW,                     *
                                   *
              Plaintiff,           *
                                   *
v.                                 *
                                   *
THE UNITED STATES,                 *
                                   *
              Defendant.           *
                                   *
************************************
```

## OPINION AND ORDER

James A. Blow is an incarcerated *pro se* Plaintiff who alleges that the "Federal Claims Department" unlawfully appropriated ten million dollars awarded to him by another federal court in an unrelated case. The Government has filed a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim. For the reasons below, the Court GRANTS the Government's motion to dismiss.

## Background

Mr. Blow is incarcerated in Brevard County Jail in Florida on what he claims are false allegations of robbery with a firearm. Compl. at 1. He claims that a federal court awarded him $10 million on May 3, 2016, in an unrelated case. Compl. at 1. Mr. Blow does not name a specific case, but the Court presumes that Mr. Blow is referring to the proceedings in <u>Blow v. Walton Family, et al.</u>, No. 6:16-cv-416 (M.D. Fla.). The court in that case dismissed Mr. Blow's complaint, and Mr. Blow received no award. <u>Blow v. Walton Family, et al.</u>, Dkt. No. 6. In the current case, Mr. Blow alleges that the federal government appropriated the $10 million awarded to him in <u>Walton Family</u>. Compl. at 1.

On September 13, 2018, the Government filed a motion to dismiss. On September 24, 2018, Mr. Blow filed a "Motion to Strike Defendant's Motion to Dismiss," which repeats the allegations in his complaint. With leave of the Court, this filing shall be titled "Response to Motion to Dismiss," and the Court will address it accordingly.

7017 2620 0000 7637 4389

Discussion

In deciding whether it has subject-matter jurisdiction, the Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). Although *pro se* pleadings are held to a lower standard, a *pro se* plaintiff must still prove subject-matter jurisdiction by a preponderance of the evidence. See Lengen v. United States, 100 Fed. Cl. 317, 328 (2011). Here, the complaint refers only to "due process violations of the U.C.C. statute" and the United States Constitution. Neither Mr. Blow's complaint nor his response to the Government's motion to dismiss alleges a claim under a money-mandating source of law that would confer jurisdiction on this Court. Therefore, the Court lacks subject-matter jurisdiction over Mr. Blow's claim.

Mr. Blow also fails to state a claim on which relief can be granted. To survive dismissal, a complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2009). "*Pro se* plaintiffs are given some leniency in presenting their case," and courts "liberally construe[]" a complaint filed *pro se*. Stroughter v. United States, 89 Fed. Cl. 755, 760 (2009) (citation omitted). Here, Mr. Blow claims that he is entitled to a $10 million award in a proceeding in which the court made no such award. The public record shows that Mr. Blow is not entitled to the money that he demands. Therefore, Mr. Blow fails to state a claim.

Conclusion

For the reasons above, the Court GRANTS the Government's motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim. The Clerk is directed to dismiss the complaint with prejudice.

Finally, considering Mr. Blow's history of filing frivolous suits and documents, the Court enjoins Mr. Blow from filing any new documents in this case excluding motions for appeal or reconsideration. The Clerk is otherwise directed to reject all future correspondence from Mr. Blow.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge

2